United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGDILENE ESMERALDA CAMARENA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-04883 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Agdilene Esmeralda Camarena is detained at the California City Immigration Processing Center pending the resolution of her removal proceedings. She seeks a writ of habeas corpus under 28 U.S.C. § 2241 arguing that her present detention violates due process. Dkt. No. 1 ¶¶ 60–69. For the reasons that follow, the Court finds that Petitioner is entitled to relief on her procedural due process claim.

## I. BACKGROUND

Based on parties' submissions, the Court finds the following facts. Petitioner entered the United States in 1999 as child. *Id.* ¶ 31. Following her entry, she was granted Deferred Action for Childhood Arrivals ("DACA") status, which she claims she maintained for many years. *Id.* ¶¶ 33–35. She has also lawfully worked and paid taxes since reaching adulthood. *Id.* ¶ 35.

In 2018 she married a lawful permanent resident and is pursuing adjustment of status pursuant to 8 U.S.C. § 1255(i) based on this marriage and the three United States citizen children she shares with her husband. *Id.* ¶¶ 36–39. She appeared for at least two interviews at USCIS in relation to that application and was not detained at either. *See id.* ¶¶ 44–45. Indeed, prior to her recent detention, USCIS granted her advanced parole so that she could leave the country and

United States District Court
Eastern District of California

lawfully return in light of the pending application. *Id*. ¶¶ 42–43.

Petitioner was detained by U.S. Immigrations and Customs Enforcement ("ICE") on June 4, 2026 at her third scheduled USCIS interview. *Id*. ¶¶ 45, 47. She has remained detained since, and has not been provided a bond hearing as the Government maintains that her detention is mandatory under 8 U.S.C. § 1225(b)(2). Dkt. No. 5 at 3–4.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose constitutional relief on three grounds. First, they argue that this Court lacks jurisdiction to hear Petitioner's claim under 8 U.S.C. §§ 1252(g) and 1252(b)(9). Dkt. No. 5 at 2–3. Second, they contend that Petitioner's detention without bond is lawful under 8 U.S.C. § 1225(b)(2). *Id*. at 3–4. Third, they argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). *Id*. at 4. The Court first addresses jurisdiction before turning to the merits of Petitioner's due process claim.

### A. Jurisdiction

Courts have repeatedly found that neither 8 U.S.C. §§ 1252(g) nor 1252(b)(9) strip federal courts of jurisdiction to consider constitutional challenges to detention. *See, e.g.*, *Enamorado v.*

*Kaiser*, No. 25-CV-04072-NW, 2025 WL 4109736, at *4 (N.D. Cal. Nov. 3, 2025); *Rodriguez v. Kaiser*, No. 1:25-CV-01111-KES-SAB (HC), 2025 WL 2855193, at *2–4 (E.D. Cal. Oct. 8, 2025); *Ortiz-Bautista v. Noem*, No. 5:26-CV-01065-MWC-MAA, 2026 WL 790874, at *3–4 (C.D. Cal. Mar. 18, 2026); *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025). The Ninth Circuit has "limited [§ 1252(g)'s] jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders." *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018). Similarly, "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031, 1032 (9th Cir. 2016). As Petitioner only challenges her continued detention while her removal proceedings progress—rather than removal itself—the Court retains jurisdiction to consider her claim.

**B. Due Process**

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**1. Liberty Interest**

Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while h[er] immigration case proceeds—pursuant to the Government's affirmative decision not to detain h[er]—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto C.M. v. Warden, Central Vallet Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics

processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]").

The court finds that reasoning applicable here. Petitioner was expressly authorized to remain in the United States for a number of years pursuant to DACA. Dkt. No. 1 ¶ 33. She subsequently applied to adjust her status, began attending appointments at USCIS in relation to that application, and was granted advanced parole by USCIS to leave the United States briefly and then lawfully return. *Id*. ¶¶ 36–44. At no point was she detained by immigration authorities during this time. By acquiescing to her continued presence in the United States, the Government vested in Petitioner a liberty interest in her continued freedom.

The Government's reliance on both § 1225(b)(2)(A) and § 1226(a) does not change this finding. As to § 1225(b)(2)(A), the Ninth Circuit has found that this statute does not apply to "applicants for admission" arrested in the interior of the country. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). And though § 1226(a) authorizes detention during removal proceeding, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). As Petitioner has been permitted to live at liberty for many years, she was entitled to

United States District Court
Eastern District of California

process prior to the deprivation of her freedom.

**2. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. Her interest in freedom from physical detention is weighty. *Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing a DACA recipient who has been actively pursuing an application for lawful permanent residence for many years without any prior opportunity to be heard is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention. Indeed, aside from the fact that she is in removal proceedings, Respondents have provided no reason why her continued detention is necessary. Accordingly, the Court concludes that due process requires that Petitioner be released.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such

hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: September 4, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California